IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIUS CALHOUN, | ) |
|     Plaintiff, | ) |
| v. | ) CASE NO. 2:21-CV-09-MHT-KFP |
| WOW CABLE COMPANY, et al., | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Upon screening Plaintiff's Complaint and based on deficiencies in the Complaint, the Court ordered Plaintiff to file an amended complaint by January 21, 2022. *See* Doc. 8. The Court provided Plaintiff specific instructions as to filing the amended complaint and warned Plaintiff that his failure to file an amended complaint would result in a recommendation that this case be dismissed. *Id*.

The Court's deadline has passed, and Plaintiff has not filed an amended complaint. This failure reflects a lack of interest in prosecuting this case, and this case cannot proceed without Plaintiff's participation. Under these circumstances, the Court finds that lesser sanctions than dismissal are not appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). Thus, this case is due to be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of plaintiff's action for failure to file amended complaint in compliance with court's order and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey

a court order is generally not an abuse of discretion when a litigant has been forewarned); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a district court "possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").

Accordingly, the Magistrate Judge RECOMMENDS that this case be dismissed without prejudice for Plaintiff's failure to file an amended complaint as ordered by the Court.

Further, it is ORDERED that by **March 11, 2022**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v.*

2

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 25th day of February, 2022.

                                 /s/ Kelly Fitzgerald Pate
                                 KELLY FITZGERALD PATE
                                 UNITED STATES MAGISTRATE JUDGE